[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Frank Basch appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff failed a chemical test of the alcohol content of his blood after having been arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds in favor of the defendant commissioner.
At the administrative hearing, the only evidence offered by the state was the written report of the police officer who stopped and arrested the plaintiff on the drunk driving charge. The police officer himself had not been subpoenaed and was not present. The report was on the department of motor vehicles A-44 form to which was attached a supplement in narrative form. The plaintiff objected to a portion of the narrative supplement on the basis of hearsay, and the hearing officer overruled the objection and admitted the entire report. Subsequently, the hearing officer found that the plaintiff had been legally stopped and arrested. The portion of the written report at issue in this appeal reads as follows:
 On 110296 at approximately 1551 Hrs., I was dispatched to 6 Bamforth Rd #14 Vernon, Ct to investigate a report of a disturbance which just occurred. While enroute I was informed by CT Page 872 the dispatcher that one of the involved parties had just left the complex intoxicated and was operating a Brown in color pick-up truck with a partial CT. Reg. 5119.
 I was traveling East on Rte 30 in a fully marked police vehicle when I approached a brown in color truck traveling West on Rte 30. I observed this vehicle swerve in his lane of traffic. When I passed the truck I looked in my rearview mirror and I observed that the last numbers in the license plate were 1119.
In order to suspend a license under § 14-227b, the commissioner or hearing officer must find that any investigative stop of the driver by the police, prior to the driver's arrest, must have been legally warranted. As the sole basis of his appeal in this case, the plaintiff argues that the portion of the report quoted above contains inadmissible "triple hearsay." Since that was the only evidence to support the hearing officer's finding that the police legally stopped the plaintiff prior to arresting him, the plaintiff argues that the factual finding cannot stand and the license suspension, accordingly, may not be affirmed under § 14-227b.
General Statutes § 14-227b(c) and Regs. Conn. State Agencies § 14-227b-19 permit the admission of the police report on a form approved by the motor vehicle department. The department has approved the A-44 form. That form provides in the instructions to the reporting officer that the officer may "[a]ttach additional sheets or materials necessary to explain portions of this Report. Such attachments are considered part of this Report and are approved by the Commissioner. The statements and information contained therein are subscribed and sworn to under penalty of false statement." The statute, the regulation and the text of the approved A-44 form itself, therefore, contemplate the introduction in evidence of the police officer's A-44 report and the narrative supplement concerning the drunk driving arrest. Although these provisions do not establish irrebuttably that any documents attached to the A-44 form must be admitted because they are "part of (the) Report," they provide sufficient basis for doing so in the absence of evidence that affects the document's authenticity or reliability. The hearing officer was correct in admitting the A-44 form and the narrative supplement in this case, therefore, unless there was some CT Page 873 compelling indication of unreliability.
As noted, the plaintiff argues that the quoted portion of the narrative report should have been excluded because it was "triple hearsay" and therefore unreliable. The court disagrees.
Hearsay is "a statement made out of court that is offered to establish the truth of the facts contained in the statement." Tait and LaPlante's Handbook of Connecticut Evidence § 11.1.1 (1988 Ed.). The purpose for which a statement is offered, therefore, is a crucial factor in determining whether it should be excluded as hearsay.
In the present case, the purpose for which the statement was offered and ultimately used was to establish that the police officer was legally justified in stopping the plaintiff for investigation. A police officer need not have probable cause to stop a motor vehicle. A brief investigatory stop is proper even in the absence of probable cause if the police have a "reasonable and articulable suspicion that a person has committed or is about to commit a crime." State v. Lamme, 216 Conn. 172, 184 (190). In order legally to stop the plaintiff, therefore, it was necessary to establish that the police officer had the requisite reasonable suspicion of wrongdoing, but it was not necessary to establish that anything criminal had in fact occurred. The dispatcher's statements in the police officer's report were not admitted to establish the truth of the matters contained in those statements — that is, that a domestic disturbance had in fact occurred or that the plaintiff was in fact operating a vehicle while intoxicated. Those statements were admitted, rather, for the limited purpose of showing that the police officer had an articulable and reasonable suspicion, based on the receipt, but not necessarily on the truth, of the statements, that the driver of the described vehicle had done something wrong and that further investigation was required. The statements were not hearsay, therefore, in the context of the administrative hearing. It follows that the hearing officer was not in error in admitting the statements over the plaintiff's objection.
For all of the foregoing reasons, the plaintiff's appeal is dismissed. CT Page 874